UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TACHEENA T. MORGAN,

           Plaintiff,

  -v.-                 6:20-CV-740
                         (GTS/ATB)
MOHAWK VALLEY PSYCHIATRIC CENTER
NYS OFFICE OF MENTAL HEALTH,

           Defendants.

---

TACHEENA T. MORGAN, Plaintiff pro se

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

  In early July, the Clerk sent plaintiff's complaint to me for initial review. The complaint alleges employment discrimination against the Mohawk Valley Psychiatric Center ("MVPC") and the New York State Office of Mental Health ("OMH"). (Dkt. No. 1). Plaintiff also filed a motion to proceed in forma pauperis ("IFP). (Dkt. No. 2). After reviewing plaintiff's submissions, I found that plaintiff met the financial requirements to proceed IFP. (Dkt. No. 7 at 1). I also found that the complaint, as written, was barred by sovereign immunity as against both named defendants. (Dkt. No. 7 at 4-6). However, I also found that plaintiff could bring an action against her former employer MVPC pursuant to Title VII of the Civil Right Act, ("Title VII"), 42 U.S.C. § 2000-e et seq. (Dkt. No. 7 at 6) (citing *Benzo v. NYS Div. of Human Rights*, No. 95 Civ. 5362, 1997 WL 37961, at *10 (S.D.N.Y. Jan. 31, 1997), *aff'd*, 141 F.3d 1151 (2d Cir. 1998) (section 1983 claims barred by the 11th Amendment, but Title VII claims are not barred) (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456-57 (1976)).

  Rather than recommending dismissal of the plaintiff's action, with leave to amend, I gave plaintiff the opportunity to amend her complaint to state viable claims

under the appropriate statute before I issued a recommended decision on initial review. (Dkt. No. 7 at 6-7). I directed the Clerk to send plaintiff a blank form for complaints under Title VII and gave plaintiff the telephone number for the Pro Se Assistance Program in the Northern District of New York if she required assistance in completing the form. (Dkt. No. 7 at 7-9). Plaintiff has chosen not to avail herself of the opportunity to amend. Her deadline for submitting an amended complaint or for requesting an extension of time to do so expired on September 8, 2020. As directed, the Clerk has returned the original complaint to me for initial review. Thus, I will base my recommendation on plaintiff's original submission.

**I.     Initial Review**

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a

claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

**II.    Complaint**

I will repeat the factual summary from my July 22, 2020 Decision and Order for clarity. Plaintiff alleges that she worked for defendant Mohawk Valley Psychiatric Center ("MVPC"), but in the caption of her complaint, plaintiff has also named the New York State Office of Mental Health ("OMH"). (Compl. at 1). In the body of the complaint, plaintiff listed only MVPC, stating that its "official position" is the OMH. (Compl. ¶ 3(a)). MVPC is one of the facilities that is run by the OMH.[1] It was clear from the complaint, that plaintiff's employer was MVPC and that OMH is the umbrella agency. I stated that, whether plaintiff was naming one entity or both, my analysis would be the same because both defendants are regarded as agencies of the State of New York. (Dkt. No. 7 at 3).

Plaintiff claims that MVPC wrongfully discriminated against her by terminating her based on her ethnicity, pregnancy, and sex. (Compl. ¶ 4 - Facts). There were no

---

[1] https://omh.ny.gov/omhweb/facilities/mvpc/

dates in the complaint, thus, the court could not determine when this termination allegedly occurred.  Plaintiff states that, during the time of her employment, she was never reprimanded for her "time and attendance," but that she was terminated based upon "time and attendance," even after she passed a supervisor's evaluation. (*Id.*) Plaintiff states that she has several African American witnesses who can attest to similar "oppression" at MVPC.[2] (Compl. ¶ 5)

Plaintiff states that, after hearing the above facts, the Civil Service Employees Association ("CSEA")[3] referred plaintiff to the Equal Employment Opportunity Commission ("EEOC") so that she could file a complaint against MVPC. (*Id.*)  There is no indication that plaintiff made such a complaint to the EEOC, but plaintiff does state that the CSEA was unable to "represent" plaintiff "due to probation period restrictions."[4] (*Id.*)

Plaintiff claims that, although she was terminated due to "time and attendance," a Caucasian woman was able to have her "orientation" extended, notwithstanding her absences. (Compl. ¶ 5).  Plaintiff states that when she complained of mistreatment from Caucasian staff, she was told that she could have a meeting to discuss her concerns. However, plaintiff states that she never had the meeting, and she was terminated less than one week later by the Assistant Director of Nursing. (Compl. ¶ 5).  Plaintiff seeks compensatory damages and attorneys fees. (Compl. ¶ 6).

---

[2] Plaintiff has included these facts in the section of the complaint entitled "Causes of Action." (Compl. ¶ 5).  However, it is clear that these are not causes of action, but are a continuation of the facts surrounding plaintiff's termination.

[3] The CSEA is a labor union in New York that represents employees in state and local government, school districts, child care, and the private sector. *See* cseany.org

[4] Based on this statement, it appears that plaintiff may have been a probationary employee at the time of her termination.

## III. Eleventh Amendment

### A. Legal Standards

"'The Eleventh Amendment to the Constitution bars suits against a state in federal court unless that state has consented to the litigation or Congress has permissibly enacted legislation specifically overriding the state's immunity.'" *Naples v. Stefanelli*, 972 F. Supp. 2d 373, 390-91 (E.D.N.Y. 2013) (quoting *Russell v. Dunston*, 896 F.2d 664, 667 (2d Cir. 1990) (citations omitted); *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001)). A claim against a state agency is considered a claim against the state and implicates the Eleventh Amendment because the state is the "real" party in interest. *Id.* at 391 (citing *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993)). The Eleventh Amendment also bars suits against state agencies and state officers in their official capacities. *See Huang v. Johnson*, 251 F.3d 65, 70 (2d Cir. 2001).

### B. Application

A plaintiff who claims discrimination in public employment in violation of the Fourteenth Amendment may bring suit pursuant to § 1983. *Naumovski v. Norris*, 934 F.3d 200, 212-15 (2d Cir. 2019). However, a plaintiff who brings a claim pursuant to section 1983 must plausibly allege that "'the alleged deprivation was committed by a *person* acting under color of state law.'" *Id.* at 212 (quoting 42 U.S.C. § 1983). The section 1983 claim "'can be brought against an[y] individual" responsible for the discrimination,'" but section 1983 does not provide for the "vicarious liability" of the employer. *Id.*

Plaintiff named only MVPC and OMH as defendants in her complaint. As I stated in my July 22, 2020 order, plaintiff may not sue her state agency employer(s) for

damages under section 1983. Both MVPC and OMH are agencies of the state of New York which would be entitled to Eleventh Amendment immunity against actions for damages. As stated above, plaintiff could have sued "individuals" who acted under color of state law for alleged constitutional violations under section 1983, but plaintiff did not name any individual defendants who she claims violated her constitutional rights to equal protection by terminating her based on her ethnicity, pregnancy, and sex, notwithstanding this court's order informing her of this possibility. If plaintiff were suing *individual* New York State defendants for violations of her constitutional or federal rights, she would be able to bring a section 1983 action against the defendant in his or her individual capacity. *See e.g. Oliver v. New York State*, No. 1:15-CV-444 (BKS/DJS), 2020 WL 1989180, at *46 (N.D.N.Y. Apr. 27, 2020) (section 1983 by its terms only to individual 'persons' responsible for violating plaintiffs' rights, and in order to establish individual liability under § 1983, the plaintiff must show that the defendant violated plaintiff's federal rights). Because plaintiff failed to amend her complaint to name individual defendants under section 1983, this court must recommend dismissing her complaint.

## IV. Title VII

### A. Legal Standards

While plaintiff may not bring an employment discrimination case under section 1983 for damages against the New York State agency employer, she could have asserted employment discrimination claims against her employer under Title VII of the Civil Rights Act,[5] ("Title VII"), 42 U.S.C. § 2000-e et seq. *See Benzo v. NYS Div. of Human*

---

[5] "Congress amended Title VII through the Pregnancy Discrimination Act ("PDA") to reflect its determination that 'discrimination based on a woman's pregnancy is, on its face, discrimination because of her sex.'" *Barton v. Warren Cty.*, No. 1:19-CV-1061 (GTS/DJS), 2020 WL 4569465, at *13

6

*Rights*, No. 95 Civ. 5362, 1997 WL 37961, at *10 (S.D.N.Y. Jan. 31, 1997), *aff'd*, 141 F.3d 1151 (2d Cir. 1998) (section 1983 claims barred by the 11th Amendment, but Title VII claims are not barred) (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456-57 (1976)). The court in *Naumovski* explained the difference in causation standards between the two bases for such an employment discrimination action. *Naumovski*, 934 F.3d at 214.

### B.     Application

In my July 22, 2020 order, I informed plaintiff that if she wished to sue her state agency employer for employment discrimination, she could file her action under Title VII. I directed the Clerk to send plaintiff a blank Title VII form-complaint and gave plaintiff the telephone number of the NYND Pro Se Assistance Program if she wished to have assistance in completing the form. (Dkt. No. 7 at 6-7). I also informed her that she could sue her employer under Title VII and any individual defendants under section 1983 if she wished to proceed in that manner. (Dkt. No. 7 at 7). In a footnote, I listed the requirements for a Title VII action. (Dkt. No. 7 at 7 n.6). I also warned plaintiff that if she did not amend her complaint, I would be constrained to recommend dismissal of her action as it was originally written.

Plaintiff is pro se, and thus, the court must interpret her pleadings to raise the strongest arguments they suggest. *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). However, simply converting plaintiff's section 1983 complaint into a Title VII action will not solve the complaint's deficiencies in this case. There are still no dates listed for any of the facts

---

(N.D.N.Y. Aug.7, 2020) (quoting *Newport News Shipbuilding & Dry Dock Co. v. E.E.O.C.*, 462 U.S. 669, 684 (1983)). *See* 42 U.S.C. § 2000e(k). The court notes that in her complaint, plaintiff only mentions facts relating to discrimination based on her race. There are absolutely no facts which indicate that the defendant(s) terminated her because she was pregnant.

alleged, there are no facts in the complaint relating either to plaintiff being terminated due to her pregnancy or to her sex,[6] and there is no indication that plaintiff filed her claims with the EEOC, even though, according to her complaint, she was referred to the EEOC by the union so that she could do so. Thus, the complaint, as it is written is subject to dismissal.

## V.     Opportunity to Amend

### A.     Legal Standards

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B.     Application

I have already given plaintiff the opportunity to amend once. Plaintiff may still be able to file an action under Title VII if she has completed the appropriate procedural steps to do so. Plaintiff will have the opportunity in her "objections" to this recommendation to tell the court whether she intends to try to file this action under Title VII or to name individual defendants under section 1983. Thus, I will recommend dismissing this action without prejudice to plaintiff filing an amended complaint *if she*

---

[6] It is unclear whether the alleged pregnancy discrimination is related to her allegations that she was terminated due to her sex or whether such claim is separate from pregnancy. Plaintiff's facts allege only discrimination based on her race, which the court can only assume is African American because she does not so specify. She states only that she has "several African American witnesses who can attest to similar oppression at [MVPH]." (Compl. ¶ 5 - First Cause of Action).

8

*informs the district judge in her "objections" to this report-recommendation that she wishes to amend her complaint* **and/or** files a proposed amended complaint as outlined above for the court's review.  If plaintiff fails to object to this recommendation and/or fails to file a proposed amended complaint, I recommend that the court's dismissal be with prejudice.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that plaintiff's complaint be **DISMISSED WITH PREJUDICE** to the extent that it is attempting to sue defendants for damages under section 1983 based upon Eleventh Amendment immunity (28 U.S.C. § 1915(e)(2)(B)(iii), and it is

**RECOMMENDED**, that if in her objections to this report-recommendation, plaintiff either files a proposed amended complaint or indicates that she wishes to file a Title VII action against the current defendants and/or wishes to file an amended complaint under both Title VII (against her employer) and section 1983 (against any named defendant in his or her individual capacity), plaintiff be given the opportunity to file such amended complaint, and that such amended complaint[7] be returned to me for review, and it is

**RECOMMENDED**, that if plaintiff fails to object to this recommendation, fails to indicate to the court that she wishes to file an amended complaint, or fails to file a proposed amended complaint **WITHIN THE TIME ALLOTTED BELOW FOR OBJECTIONS**, that this complaint be **DISMISSED WITH PREJUDICE.**

---

[7] If plaintiff responds by simply informing the court that she wishes to file a proposed amended complaint, she should be given thirty (30) days within which to do so and submit it to the court for filing.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: September 16, 2020

Andrew T. Baxter
U.S. Magistrate Judge