UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TACHEENA T. MORGAN,

                            Plaintiff,

      -v.-                                                6:20-CV-740
                                                          (GTS/ATB)

MOHAWK VALLEY PSYCHIATRIC CENTER
NYS OFFICE OF MENTAL HEALTH,

                            Defendants.

TACHEENA T. MORGAN, Plaintiff pro se

ANDREW T. BAXTER, United States Magistrate Judge

### DECISION and ORDER

Plaintiff filed this complaint on July 2, 2020 against both the Mohawk Valley Psychiatric Center ("MVPC") and the New York State Office of Mental Health ("OMH"). (Dkt. No. 1). On July 22, 2020,[1] I issued an order, finding that plaintiff qualified financially to proceed in forma pauperis ("IFP"), but informing plaintiff of some deficiencies in her original complaint. (Dkt. No. 7). I gave plaintiff the opportunity to amend her complaint to cure those deficiencies. (*Id.*) Plaintiff failed to do so, and I issued a Report-Recommendation on September 16, 2020, recommending dismissal without prejudice to amendment. (Dkt. No. 8). Instead of objecting to my Report-Recommendation, plaintiff requested an extension of time to amend. (Dkt. No. 9).

Based on plaintiff's letter, on October 15, 2020, Chief Judge Suddaby adopted my Report-Recommendation and afforded plaintiff extra time to amend her complaint. (Dkt.

---

[1] Plaintiff's IFP application was initially defective, and the court gave her some time to correct the information. (Dkt. No. 5). Plaintiff submitted the supplemented motion on July 15, 2020. (Dkt. No. 6).

No. 11). Plaintiff has now filed an amended complaint, and the court has sent the amended complaint to me for initial review. (Dkt. No. 12). Based on the following discussion, I will order service of the amended complaint on the appropriate defendant.

## DISCUSSION

Plaintiff has cured many of the defects that I noted in my September 16th Report-Recommendation. She has filed her amended complaint on a form for employment discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5 and under the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000-e(K), as amended. Plaintiff alleges that her employer MVPC discriminated against her based on her race, sex, and pregnancy. (Amended Complaint ("AC") ¶¶ 6, 7) (Dkt. No. 12).

**I.    Proper Defendant**

Plaintiff originally named MVPC and OMH. (Dkt. No. 1). Plaintiff has now named only OMH. (Dkt. No. 12). In my Report-Recommendation, I noted that plaintiff named both MVPC and OMH, but that she actually worked for MVPC, which was under the "umbrella" of OMH. (Dkt. No. 8 at 3). I stated that my analysis would be the same, regardless of which entity was named. (*Id.*) I did not comment on which entity would be the correct defendant.

Plaintiff may have misunderstood my Report-Recommendation. Unfortunately, when plaintiff filed her amended complaint, she chose to name OMH, rather than MVPC as a defendant. However, MVPC was plaintiff's employer and is the appropriate defendant.[2] Because the court must interpret the plaintiff's pleadings to raise the

---

[2] This finding is supported by plaintiff's Right-to-Sue letter, which lists the HR Representative of MVPH as the recipient of a copy of the plaintiff's notice. (Dkt. No. 12 at CM/ECF p.12).

2

strongest arguments they suggest, I will direct that MVPC be retained as the proper defendant in this action. *Warren v. Sawyer*, 691 Fed. App'x 52 (2d Cir. 2017) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (special solicitude afforded to pro se litigants).

## II.     **Amended Complaint**

The court assumes familiarity with my previous order and my previous report-recommendation.  Plaintiff has clarified her allegations of discrimination in her amended complaint.  Plaintiff appears to allege that she was treated differently that Caucasian (non-pregnant) female employees who were similarly situated to the plaintiff regarding "time and attendance" issues.  She has included specific dates of alleged actions by employees of the defendant, and she has now submitted a copy of her Right-to-Sue letter, issued by the Equal Employment Opportunity Commission ("EEOC"), which was missing from her original complaint.  She has attempted to associate the defendant's allegedly discriminatory actions with her termination on various bases, and has also alleged some form of retaliation.[3] (AC *generally*).  For a more detailed description of the facts and plaintiff's allegations, reference is made to the amended complaint herein.  Based on the facts as stated in the amended complaint, I find that it survives initial review, with an additional concern as discussed below.

---

[3] The amended complaint is not a model of clarity, and it is unclear whether plaintiff's claims of "retaliation" after she had an altercation with a supervisor meet the definition of retaliation in the statute, requiring that plaintiff be engaged in protected activity by opposing a practice made unlawful by Title VII; that the employer was aware of that activity; that she suffered adverse employment action; and that there was a causal connection between the protected activity and the adverse action. *Equal Opportunity Employment Comm'n v. United Health Programs of Am.*, Inc., 213 F. Supp. 3d 377, 423 (E.D.N.Y. 2016) (citing *Galdieri–Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 292 (2d Cir. 1998)). However, as discussed below, plaintiff has alleged sufficient facts to allow the case to proceed past initial review on at least some claims.

### III. Right-to-Sue

As required by the Title VII complaint form, plaintiff has attached her Right-to-Sue ("RTS") letter. (Dkt. No. 12 at CM/ECF p.12). The RTS letter indicates that it was sent to plaintiff on February 5, 2020. (*Id.*) The letter further states that plaintiff had 90 days from the date of receipt of the letter to file her federal court complaint, "or your right to sue based on this charge will be lost." (*Id.*) Even assuming that plaintiff received the letter five[4] days after it was sent, the 90-day period for plaintiff to file suit would have expired on Monday, May 11, 2020. Plaintiff filed her original complaint on July 2, 2020. (Dkt. No. 1). Plaintiff's complaint could be subject to dismissal on that basis.

However, the time limits for filing a complaint, are not jurisdictional and, therefore, in the appropriate circumstances, could be subject to equitable tolling. *Tavarez v. 32BJ*, No. 18-CV-8517 (CM), 2019 WL 5683370, at *4 (S.D.N.Y. Nov. 1, 2019) (citations omitted). The 90-day deadline to file suit may be equitably tolled if the district court finds that "the circumstances that caused the delay" in filing are " 'rare and exceptional.'" *Smith v. Brennan*, No. 19-CV-123 (CR), 2020 WL 4433028, at *8 (D. Vt. July 31, 2020) (quoting *Xiomara Perez v. Mason Tenders District Council Trust Funds*, No. 17 Civ. 1022 (PAE/AJP), 2017 WL 5125542, at *3 (S.D.N.Y. Nov. 1, 2017) (quoting *Zerilli- Edelglass v. N.Y.C. Transit Auth*., 333 F.3d 74, 80 (2d Cir. 2003)).

There is no indication in the amended complaint that such circumstances exist, but the court is unwilling to assume such facts in its initial review. Thus, at this stage of

---

[4] Generally, an individual is presumed to have received a document three days after mailing. *See Rodriguez v. Town of Ramapo*, 412 F. Supp. 3d 412, 433 (S.D.N.Y. Sept. 26, 2019).

the litigation, without more, this court will not recommend granting dismissal of plaintiff's case based on her apparent failure to comply with the 90-day filing requirement. The court notes that its scope of review is limited to whether plaintiff has alleged an arguable claim, not whether plaintiff can ultimately prevail. Nor does this order address whether plaintiff's amended complaint would avoid dismissal upon the filing of a proper motion. At this early stage of the proceedings, the amended complaint makes sufficient allegations to warrant a response by the defendant.

**WHEREFORE**, it is hereby

**ORDERED**, that the Clerk retain the Mohawk Valley Psychiatric Center as the defendant in this action and terminate the Office of Mental Health. The Clerk shall issue a summons and forward it, along with a copy of the amended complaint, a packet containing General Order 25, which sets forth the Civil Case Management Plan used by the Northern District of New York, and the Initial Discovery Protocols for Employment Discrimination Cases Alleging Adverse Action, to the United States Marshal for service upon the named defendant, and it is further

**ORDERED**, that a formal response to plaintiff's complaint be filed by the defendant or defendant's counsel as provided in the Federal Rules of Civil Procedure, subsequent to service of process on the defendant, and it is further

**ORDERED**, that the Clerk is directed to schedule a Rule 16 conference before the assigned magistrate judge, and it is further

**ORDERED**, that any paper sent by a party to the Court or the Clerk shall be accompanied by a certificate setting forth the date a true and correct copy of it was mailed to all opposing parties or their counsel. **<u>Any letter or other document received by the Clerk or the Court which does not include a certificate of service which clearly states that an identical copy was served upon all opposing parties or their attorneys may be stricken by the Court.</u>** Plaintiff shall also comply with any requests

by the Clerk's Office for any documents that are necessary to maintain this action.  All motions shall comply with the Local Rules of Practice of the Northern District, and it is further

    **ORDERED**, that the Clerk serve a copy of this Order upon Plaintiff in accordance with the Local Rules.

Dated: December 17, 2020

                                                   Andrew T. Baxter
                                                   U.S. Magistrate Judge