UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TACHEENA T. MORGAN,

                    Plaintiff,

v.                                                6:20-CV-0740
                                                (GTS/ATB)

MOHAWK VALLEY PSYCHIATRIC CENTER,

                    Defendant.
_____

APPEARANCES:                                              OF COUNSEL:

TACHEENA T. MORGAN
  Plaintiff, *Pro Se*
929 Hillcrest Avenue, Apt. D12
Utica, NY 13502

HON. LETITIA A. JAMES                            RYAN W. HICKEY, ESQ.
Attorney General for the State of New York      Assistant Attorney General
  Counsel for Defendant
The Capitol
Albany, NY 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this employment discrimination and retaliation action filed by Tacheena T. Morgan ("Plaintiff") against Mohawk Valley Psychiatric Center ("Defendant"), is Defendant's motion to dismiss Plaintiff's Amended Complaint in its entirety for failure to commence her suit within the statutory time limit. (Dkt. No. 17.) For the reasons set forth below, Defendant's motion to dismiss is granted.

**I.    RELEVANT BACKGROUND**

    **A.    Plaintiff's Amended Complaint**

Generally, in her Amended Complaint, Plaintiff asserts claims pursuant to Title VII of the Civil Rights Act of 1964, namely that (1) she was discriminated against and treated unequally in her terms and conditions of employment by Defendant in the course of her employment based on her race/color (Black), sex (female), and pregnancy status, and (2) she was retaliated against for complaining about unequal treatment received in the workplace. (Dkt. No. 12 [Pl.'s Am. Compl.].)

Specifically, Plaintiff alleges the following: (a) in August 2019, she was initially told to finish her shift after she had asked to go home due to a pregnancy-related migraine, but was eventually permitted to leave; (b) her employer refused to accept a doctor's note she provided for a period of absence from August 30 to September 2, 2019, because it claimed the note did not provide necessary information, including a diagnosis and whether she was under any restrictions; (c) on September 8, 2019, nurse administrator Susan Evans yelled at her about questioning staffing choices, in response to which Plaintiff informed Ms. Evans that she would speak to Ms. Evan's supervisor about the treatment, after which registered nurse Michelle Williams warned her (in an apparently non-threatening manner) that complaining about Ms. Evan's treatment could have a negative impact on Plaintiff's employment and she should not do so unless she did not care about her job; (d) on September 9, 2019, Plaintiff expressed disagreement with an evaluation made by nurse administrator Heather Eastman, who then presented Plaintiff with "a bulletin on respect" that she stated Assistant Director of Nursing Gina Olivadese had ordered her to give to Plaintiff following her altercation with Ms. Evans, after which Ms. Eastman advised Plaintiff to email Ms. Olivadese to explain her side of things; (e) Plaintiff emailed Ms. Olivadese (and copied the Director of Nursing) about the incident and Ms. William's warning, to which Ms. Olivadese responded that she would meet with Plaintiff to discuss her concerns (although no

meeting ultimately occurred); (f) on September 16, 2019, Ms. Olivadese intercepted Plaintiff when she reported to work and informed Plaintiff that she was being terminated, but did not provide a reason for the termination; (g) on October 23, 2019, Plaintiff met with Director of Human Resources Kim Wessinger, at which time she was aware that the reason for her termination was alleged time-and-attendance issues; and (h) a week later, she received a letter stating that Defendant had decided to terminate her employment due to time-and-attendance issues. (*Id.*)

Finally, Plaintiff alleges that other female employees (who were white and not pregnant) also had time-and-attendance issues but their employment was not terminated, that there is a known culture of discrimination against African Americans in Defendant's workplace, and that her employment was terminated despite the fact that she passed her evaluation not long before the termination occurred. (*Id.*)

### B. Relevant Procedural History

On July 2, 2020, Plaintiff filed her initial Complaint. (Dkt. No. 1.) However, on July 22, 2020, Chief United States Magistrate Judge Andrew T. Baxter provided Plaintiff 45 days to amend her Complaint to comply with pleading requirements. (Dkt. No. 7.) Plaintiff did not provide an amended complaint and, on September 16, 2020, Magistrate Judge Baxter issued a report-recommendation in which he recommended that (a) any claim for damages under 42 U.S.C. § 1983 be dismissed with prejudice on the ground that the Eleventh Amendment barred that claim, and (b) Plaintiff be permitted to file an amended complaint asserting Title VII claims against her employer or Section 1983 claims against any named defendant in his or her individual capacity. (Dkt. No. 8.) On October 15, 2020, the undersigned adopted the report-recommendation and permitted Plaintiff 45 days to amend her complaint. (Dkt. No. 11.) On

December 4, 2020, Plaintiff filed the Amended Complaint. (Dkt. No. 12.) On December 17, 2020, Magistrate Judge Baxter conducted an initial review of the Amended Complaint, which he accepted, and he ordered that Mohawk Valley Psychiatric Center be retained as the proper defendant in this action. (Dkt. No. 13.)

### C. Parties' Briefing on Defendant's Motion to Dismiss

#### 1. Defendant's Memorandum of Law

In its motion to dismiss, Defendant argues that Plaintiff's action must be dismissed because is untimely. (Dkt. No. 17, Attach. 1, at 4-5 [Def.'s Mem. of Law].) More specifically, Defendant argues that (a) Title VII claims are subject to a 90-day statutory deadline from the time a plaintiff receives a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"), (b) because the right-to-sue letter here was sent to Plaintiff on February 5, 2020 (and presuming she received it three days later), she was required to commence this action by May 8, 2020, (c) Plaintiff did not file her Complaint until July 2, 2020, and (d) Plaintiff has not presented allegations or evidence of any circumstances suggesting she is entitled to have the statutory deadline equitably tolled. (*Id.*)

#### 2. Plaintiff's Opposition Letter

In her opposition to Defendant's motion, Plaintiff argues that an Order issued by this Court on April 29, 2020, in response to the COVID-19 pandemic, provided a 160-day extension of the time to file her claims and thus her Complaint was timely filed. (Dkt. No. 18, at 1 [Pl.'s Opp'n Letter].)

#### 3. Defendant's Reply Memorandum of Law

In reply, Defendant argues that, because the Order relied on by Plaintiff does not apply to Title VII actions, Plaintiff has not offered a valid justification for applying equitable tolling here. (Dkt. No. 19, at 3-4 [Def.'s Reply Mem. of Law].)

## II. GOVERNING LEGAL STANDARDS

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cty.*, 549 F. Supp.2d 204, 211 nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J.) (adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212 n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of

what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at 212 n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212 n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp. 2d at 213 n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 560-61, 577. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 555-70. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 555. More specifically, the

"[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id.*

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (internal quotation marks and citations omitted). However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.*, it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

## III. ANALYSIS

7

After carefully considering whether Plaintiff's suit is barred due to a failure to comply with the statutory time limits for filing a Title VII claim in federal court, the Court answers this question in the affirmative for the reasons stated in Defendant's memoranda of law. *See, supra,* Part I.C. of this Decision and Order. To those reasons, the Court adds the following analysis.

"As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC." *Hardaway v. Hartford Pub. Works Dept.*, 879 F.3d 486, 489 (2d Cir. 2018). "A lawsuit based on a Title VII claim must be filed within 90 days of receiving a right-to-sue letter from the EEOC." *Bamba v. Fenton*, 758 F. App'x 8, 10 (2d Cir. 2018) (citing 42 U.S.C. § 2000e-5[f][1]). "Courts in the Second Circuit presume that a mailed document is received three days after its mailing . . . and that the notice is presumed to have been mailed on the date shown in the notice [absent evidence to the contrary]." *Ranaghan v. New York Ass'n of Psychiatric Rehab. Servs.*, 20-CV-0488, 2021 WL 431165, at *1 (N.D.N.Y. Feb. 8, 2021) (Sharpe, J.) (internal alterations and quotation marks omitted).

Plaintiff's right-to-sue letter is dated February 5, 2020. (Dkt. No. 12, at 12.) The right-to-sue letter specifically states that "[y]our lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost." (*Id.* [emphasis in original].) In her Amended Complaint, Plaintiff indicated that February 5, 2020, was the date "on or about" which she received the right-to-sue letter. (Dkt. No. 12, at 10.) However, assuming that she did not receive that letter until three days later (February 8, 2020), she was required to file her Complaint by May 8, 2020. As noted previously, Plaintiff did not file her initial Complaint until July 2, 2020, approximately two months after the deadline. (Dkt. No. 1.)

In his Decision and Order on initial review, Magistrate Judge Baxter found that, given the evidence presented and the applicable presumptions about receipt date, Plaintiff did not file her Complaint within the 90-day statutory period. (Dkt. No. 13, at 4 [Decision and Order filed Dec. 17, 2020].) The undersigned agrees, particularly because Plaintiff has not provided any allegation or evidence that she received the right-to-sue letter at any later time that would make her filing date timely.

However, "[t]he time limits for filing a complaint are not jurisdictional and, therefore, in the appropriate circumstances, could be subject to equitable tolling." *Ranaghan*, 2021 WL 431165, at *3 (quoting *Morgan v. Mohawk Valley Psychiatric Ctr.*, 20-CV-0740, 2020 WL 7395622, at *2 [N.D.N.Y. Dec. 17, 2020]). "To qualify for equitable tolling, a party must establish that she diligently pursued her rights but extraordinary circumstances prevented a timely filing." *Bamba*, 758 F. App'x at 10 (citing *Watson v. United States*, 865 F.3d 123, 132 [2d Cir. 2017]). "Although held to more lenient standards, *pro se* litigants are not excused from establishing these elements." *Ranaghan*, 2021 WL 431165, at *3 (quoting *Hunt v. Con. Edison Co. N.Y.C.*, 16-CV-0677, 2017 WL 6759409, at *4 [E.D.N.Y. Dec. 29, 2017]).

Plaintiff does not specifically argue that equitable tolling should apply; rather, she argues that an Order issued by this Court on April 29, 2020, temporarily extended the deadline from 90 days to 160 days and thus her Complaint was in fact timely. (Dkt. No. 18 [Pl.'s Opp'n Letter].) However, as Defendant argues, the cited Order expressly does not apply to Plaintiff's claims. Rather, the Order, entitled "Order Extending Certain Statutory Deadlines for Administrative and Civil Judicial Asset Forfeiture Proceedings and Actions," extended the deadlines (a) for a seizing Agency to commence administrative forfeiture proceedings against property, and (b) for filing a civil forfeiture complaint following an Agency's receipt of a timely administrative claim. (Dkt.

No. 18, at 2-5.) Because Plaintiff has not filed a civil forfeiture complaint, this Order does not have any impact on the 90-day deadline that was applicable to her Complaint.

Additionally, Plaintiff has not offered any other reason why equitable tolling is warranted in this case. Specifically, Plaintiff's *pro se* status and misinterpretation of this Court's unrelated Order do not constitute extraordinary circumstances to justify equitable tolling. *See Bunting v. Kellogg's Corp.,* 17-CV-1445, 2019 WL 233812, at *5-6 (D. Conn. Jan. 16, 2019) (finding that the *pro se* plaintiff's misapprehension of the law did not justify applying equitable tolling to his Title VII claims); *Glover v. Fed'n of Multicultural Programs*, 14-CV-4006, 2015 WL 4600645, at *6 (E.D.N.Y. July 29, 2015) ("[W]hether due to mistake of law or a miscalculation of time, [a *pro se* plaintiff's] incorrect belief [about] the 90-day deadline is not a valid reason to toll the time limitation."); *see also South v. Saab Cars USA, Inc.*, 28 F.3d 9, 12 (2d Cir. 1994) (indicating that equitable tolling does not extend to "garden variety claims of excusable neglect"). Notably, Plaintiff has not offered any reason as to why she was unable to file her Complaint by May 8, 2020, and the Court finds that the pandemic itself is not an extraordinary reason, given that the Clerk's Office of this Court remained open for filing (albeit with limited hours of operation) throughout the pandemic. As a result, the Court finds that Plaintiff has not asserted a sufficient basis for equitable tolling; Plaintiff's Complaint was untimely filed and must be dismissed.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 17) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 12) is **DISMISSED** with prejudice.

Dated: June 24, 2021
      Syracuse, NY

                                                      Hon. Glenn T. Suddaby
                                                      Chief U.S. District Judge